UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALENTIN VASCONCELUS-
VAZQUEZ,

        Petitioner,

v.

MAT KING, et al.,

        Respondents.

_____/

Case No. 2:26-cv-11070

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING THE PETITION FOR WRIT OF
HABEAS CORPUS (ECF No. 1), DISMISSING SEVERAL RESPONDENTS,
ORDERING RESPONDENT TO PROVIDE PETITIONER WITH A BOND
HEARING OR OTHERWISE RELEASE HIM, AND ORDERING
RESPONDENT TO PROVIDE A STATUS REPORT**

Before this Court is Petitioner Valentin Vasconcelus-Vazquez's petition for a

writ of habeas corpus in which he argues that he is being detained without a bond

hearing in violation of the Immigration and Nationality Act (INA) and his due

process rights. This case is yet another "one of an ever-growing number of

challenges in the District, and across the country, to noncitizen detentions arising out

of the [DHS's] current interpretation of the" INA. *Romero Garcia v. Raycraft*, No.

25-cv-13407, 2025 WL 3252286, at *1 (E.D. Mich. Nov. 21, 2025). This Court will

grant the petition for the reasons provided below and in accordance with the other

judges in this District who "have joined their peers nationwide to conclude that the

interpretation being advanced by the Government, which would require the mandatory detention of hundreds of thousands, if not millions, of individuals currently residing with the United States, is contrary both to the plain text of the statute and the overall statutory scheme." *Id.*; *see, e.g.*, *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025) (McMillion, J.); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425 (E.D. Mich. Sept.9, 2025) (White, J.); *Salgado Bustos v. Raycraft*, No. 25-13202, 2025 WL 3022294 (E.D. Mich. Oct. 29, 2025) (Edmunds, J.).

## I. BACKGROUND

Vasconcelus-Vazquez is a Mexican citizen "who entered in the United States in 2002 or 2003 without being inspected and admitted or paroled by immigration officials." ECF No. 1 at PageID.2. He has since resided and worked in Detroit, Michigan. *Id.* at PageID.4. "He has family ties in the community. . . [and] no disqualifying criminal history." *Id.*

On March 7, 2026, Vasconcelus-Vazquez was arrested without a warrant and charged with inadmissibility for unlawfully entering the United States and lacking valid documentation. *Id.*; *see also* ECF No. 4 at PageID.20. Vasconcelus-Vazquez is currently detained at the St. Clair County Jail without being given a hearing for bond. ECF Nos. 1 at PageID.4; 4 at PageID.21.

In his Notice to Appear, Vasconcelus-Vazquez is stated to be subject to removal pursuant to "212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." ECF No. 4-2 at PageID.46.

On April 1, 2026, Vasconcelus-Vazquez filed a brief petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he is being unlawfully detained without the possibility of bond, in violation of the INA and the Due Process Clause of the Fifth Amendment. ECF No. 1. Vasconcelus-Vazquez does not challenge the fact that removal proceedings have been initiated against him. *See* ECF No. 4 at PageID.21. Nor does he expressly argue about the new interpretation of the INA to preclude bond hearings. *See generally* ECF No. 1. In fact, Vasconcelus-Vazquez does not make a single citation to legal authority by which he aims to make his arguments, claiming only generally that his detention without a bond hearing is unconstitutional. *Id.* at PageID.4–5. He brings his petition against Respondents Mat King, the St. Clair County Sheriff; Kevin Raycraft, the Director of the Detroit Field Office of the United States Immigration and Customs Enforcement (ICE); the United States Department

- 3 -

of Homeland Security (DHS) and its Secretary, Markwayne Mullin; Todd Lyons, the Director of ICE, and United States Attorney General Pamela Bondi.[1] *Id.* at PageID.3.

On April 13, 2026, this Court ordered Respondents to respond to the petition by April 20, 2026. ECF No. 2. Respondents did so by the required date, arguing that Vasconcelus-Vazquez can only bring his petition against his physical custodian, can appeal his detention administratively,[2] is lawfully detained under 8 U.S.C. § 1225 of the INA, and has not been deprived of due process. ECF No. 4.

---

[1] Since filing this petition, Bondi was removed and replaced by acting Attorney General Todd Blanche. Accordingly, Blanche is automatically substituted for Bondi pursuant to Civil rule 25. *See* FED. R. CIV. P. 25(d).

[2] It is unclear whether Vasconcelus-Vazquez is specifically challenging the interpretation of the INA that may then prompt an argument that he must exhaust administrative remedies. He generally mentions that he does not need to exhaust administrative remedies to bring his petition because pursuing administrative remedies would be inadequate or futile. ECF No. 1 at PageID.6. And Respondents generally argue that Vasconcelus-Vazquez has the right to request bond and appeal any bond decision appeal his detention administratively. ECF No. 4 at PageID.40. To the extent that the Parties dispute whether Vasconcelus-Vazquez needs to first exhaust specific administrative remedies, this Court exercises its discretion and finds that he does not. *See Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *4 (E.D. Mich. Aug. 29, 2025) (waiving administrative exhaustion requirements for an immigrant petitioner seeking a bond hearing); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sept. 9, 2025) (same).
  Moreover, waiving exhaustion here is warranted because bond denial appeals "typically take six months or more to be resolved at the BIA." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1245 (W.D. Wa. 2025). And such a timeline for an administrative remedy is unreasonable or indefinite such that courts may waive the exhaustion requirement. *See Pizarro Reyes*, 2025 WL 2609425, at *3 (citing *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020)). Indeed, the "delays inherent" in the BIA's administrative process "would result in the very harm that the bond hearing

On April 22, 2026, Vasconcelus-Vazquez replied, offering more legal authority and detail to his arguments. ECF No. 5. He argues that precedent may allow bringing habeas petitions against more than just the immediate physical custodian; that Vasconcelus-Vazquez is being held unlawfully because he is beholden to § 1226(a) requiring a bond hearing, instead of under § 1225(b)(2)(A) as Respondents claim; and that his due process rights are being violated by his continued detention without a bond hearing, as governed by § 1226(a). *Id.* at PageID.50–58.

## II. LEGAL STANDARD

Habeas corpus is "perhaps the most important writ known to the constitutional law. . . affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (internal quotation marks and citations omitted), *overruled in part on other grounds*. A district court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to 28 U.S.C. § 2443, the Court, when evaluating an application for a writ of habeas corpus, "shall forthwith award the writ or issue an order directing the

---

was designed to prevent[:]" prolonged detention without due process. *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 237 (W.D.N.Y. 2019) (citation omitted). Finally, requiring Vasconcelus-Vazquez to exhaust his administrative remedies would hinder his ability to prepare his case on appeal, as he has limited access to attorneys, witnesses, evidence, interpreters, and technology while detained. *See Pizarro Reyes*, 2025 WL 2609425, at *4. Thus, this Court will waive any exhaustion requirement and proceed to the merits of his habeas petition.

respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."

### III. ANALYSIS

For the reasons provided below, this Court will dismiss all Respondents except ICE Field Office Director Kevin Raycraft and St. Clair County Sherriff Mat King but will grant the petition.

### A. Proper Respondents

Vasconcelus-Vazquez named Respondents Kevin Raycraft, the Secretary of DHS, the DHS itself, the United States Attorney, and the ICE Director Todd Lyons. ECF No. 1 at PageID.3. Respondents argue that the proper respondent is Vasconcelus-Vazquez's physical custodian—the warden of the St. Clair County Jail—or, alternatively, Kevin Raycraft because he is the ICE Field Office Director. ECF No. 4 at PageID.22.

As the Sixth Circuit explained, the proper respondent to an immigration habeas petition is, generally, the immediate custodian, including the ICE Field Office Director Kevin Raycraft. *See Roman v. Ashcroft*, 340 F.3d 314, 322 (6th Cir. 2003). Therefore, Raycraft is an appropriate respondent in this matter. *See id.* However, the petition did not adequately set forth Vasconcelus-Vazquez's intent to file a combined habeas petition and complaint for declaratory relief nor provide authority to justify including other Respondents beyond Raycraft. Vasconcelus-Vazquez also fails to

adequately explain why an injunction on transfer pending resolution of his petition requires the others to be Respondents beyond merely gesturing to the fact that they may "have authority" over custody determinations, immigration detention administration, and the enforcement of immigration laws.[3] Accordingly, this Court will dismiss all Respondents except Raycraft and King. *See id.*

### B. Detention without Bond Under the INA

Vasconcelus-Vazquez alleges that his continued detention without a bond hearing is an unlawful infringement on his constitutional right to due process. ECF No. 1 at PageID.5. He argues that Respondents' reliance "on immigration detention authority under the [INA] must be construed to avoid serious constitutional problems

---

[3] Notably, in *Roman*, the Sixth Circuit "acknowledged that the Attorney General may also be a proper respondent under certain circumstances due to 'the degree of control which the Attorney General has over an alien's immediate custodian.' 340 F.3d at 324–25." *Amaya v. Raycraft*, No. 25-13539, 2025 WL 3530273, at *5 (E.D. Mich. Dec. 9, 2025) (Levy, J.). As Judge Levy observed in a recent opinion addressing the same situation:

> These extraordinary circumstances include if the government "were to exercise its transfer power in a clear effort to evade an alien's habeas petitions." [*Roman*, 340 F.3d] at 326. *Roman* suggests that there must be some kind of showing of these extraordinary circumstances in order to keep or add the Attorney General as a respondent. The Sixth Circuit noted that the petitioner in *Roman* "has not alleged facts suggesting either that the government improperly manipulated its authority in an attempt to deny Roman a meaningful opportunity for relief" or that the petitioner faced difficulties such as an inability to know who their immediate custodian is or where the petitioner is being detained. *Id.* at 326. Here, these circumstances have not been demonstrated.

*Amaya*, 2025 WL 3530273, at *5.

and does not permit unreasonably prolonged detention without a meaningful hearing and consideration of less-restrictive alternatives." *Id.* at PageID.4–5. Therefore, Vasconcelus-Vazquez contends that Respondents are "exceed[ing] their lawful authority and violat[ing] the governing statutory scheme." *Id.* at PageID.5. Instead, he argues that he "should be subject to the detention provisions of 8 U.S.C. § 1226(a)" under which he is entitled to a release from detention or, alternatively, a bond hearing. *Id.* Respondents disagree, arguing that Vasconcelus-Vazquez satisfies the elements under § 1225(b)(2) as "an applicant for admission," and is therefore properly detained therein. ECF No. 4 at PageID.22. This Court finds that § 1226(a) is the relevant provision governing his detention and that he is entitled to a bond hearing.

To date, "[a]t least a dozen federal courts" have reached the same conclusion after reviewing the statutory text, history, congressional intent, and application for the last three decades, that § 1226(a) is the appropriate statute applicable to noncitizens facing removal who are already in the United States. *Pizarro Reyes*, 2025 WL 2609425, at *3 (collecting cases); see also *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025); *Martinez v. Hyde*, 1:25-cv-11613-BEM, 2025 WL 208438 (D. Mass. July 24, 2025); *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025); *Rosado v. Figueroa et al.*, No. 2:25-cv-02157-DLR, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); *Lopez Benitez v. Francis et al.*, No.

1:25-cv-05937-DEH, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); *Gonzalez et al. v. Noem et al.*, No. 5:25-cv-02054-ODW-BFM (C.D. Cal. Aug. 13, 2025); *dos Santos v. Noem*, No. 1:25-cv-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); *Maldonado v. Olson*, No. 0:25-cv-03142-SRN-SGE, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); *Romero v. Hyde, et al.*, No. 1:25-cv-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Benitez et al. v. Noem et al.*, No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Kostak v. Trump et al.*, No. 3:25-cv-01093-JE-KDM, 2025 WL 2472136 (W.D. La. Aug. 27, 2025); *Lopez-Campos*, 2025 WL 2496379; *Barrera v. Tindall*, No. 3:25-CV-541-RGJ, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Aguilar Merino v. Ripa et al.*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Sanchez Alvarez v. Noem et al.*, No. 1:25-CV-1090, 2025 WL 2942648 (W.D. Mich. Oct. 17, 2025).

As numerous other district courts have explained, § 1225(b)(2)(A) "applies to aliens undergoing inspection, which generally occurs at the United States' border, when they are seeking lawful entry into the United States." *Sanchez Alvarez*, 2025 WL 2942648, at *5. In contrast, looking to the plain language of the statute, § 1226(a) "applies to a noncitizen who has resided in this country for [many] years and was already within the United States when apprehended and arrested," as opposed to being apprehended upon arrival at the border. *Lopez-Campos*, 2025 WL 2496379, at *8.

To this Court, there is simply no question that § 1226(a)—not § 1225(b)(2)(A)—applies to noncitizens such as Vasconcelus-Vazquez who have resided in the United States for many years. And ICE's decision to upend 30 years of reasoned statutory interpretation is not persuasive otherwise. Thus, under § 1226(a), Vasconcelus-Vazquez is entitled to a discretionary bond determination hearing. And because Vasconcelus-Vazquez has been detained without having received such a bond determination hearing, he is in federal custody in violation of federal law. Thus, Vasconcelus-Vazquez's habeas petition will be granted, and Raycraft will be directed to provide Vasconcelus-Vazquez with a bond hearing under § 1226(a) on or before May 4, 2026, or otherwise release him.

### D. Fifth Amendment Due Process

This Court will decline to decide the merits of Vasconcelus-Vazquez's due process claims given that this Court is granting the relief that Vasconcelus-Vazquez requests based on its interpretation of the applicability of § 1226(a). If Raycraft does not provide Vasconcelus-Vazquez with a bond determination hearing or release him by May 4, 2026, Vasconcelus-Vazquez may renew his Fifth Amendment Due Process claims.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Respondents Markwayne Mullin, the U.S. Department of Homeland Security, Pamela Bondi/Todd Blanche, and Todd Lyons, are **DISMISSED** from the above-captioned case.

Further, it is **ORDERED** that Vasconcelus-Vazquez's Petition, ECF No. 1, is **GRANTED**. To that end, it is **ORDERED** that:

1. Respondents Raycraft and King are **DIRECTED** to provide Vasconcelus-Vazquez with a bond hearing under § 1226(a) **on or before May 4, 2026**, or otherwise release him; and

2. Respondents Raycraft and King are **DIRECTED** to file a status report to certify compliance with this order **on or before May 11, 2026**. The status report shall detail if and when Vasconcelus-Vazquez's bond hearing occurred, if bond was granted or denied, and—if bond was denied—the reasons for the denial.

**IT IS SO ORDERED.**

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 27, 2026

- 11 -